IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Guney Zeriner,<br><br>        Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>        Respondents. | No. CV-26-00010-PHX-JJT (MTM)<br><br>**ORDER** |

    This matter initially came before the Court upon Mr. Zeriner's filing of his Petition for habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). After briefing, the Court granted the Petition and ordered Petitioner released on the same $5,000 bond determination the Immigration Judge (IJ) had made on December 23, 2025. (Doc. 10.) That Order and Judgment were entered January 14, 2026, and Respondents filed a notice of compliance advising Petitioner was released as of January 20, 2026. (Docs. 11, 12.) Petitioner filed the instant Motion to Enforce Judgment Granting Petition for Habeas Corpus on February 12 (Doc. 14.) The Court has considered the Motion as well as the government's Response and Petitioner's Reply (Docs. 16, 17). It also held a hearing on the Motion on February 23, 2026. (Doc. 19.)

    Petitioner has not been rearrested or re-detained since his January 2026 release on immigration bond. Rather, his concern is that after the IJ entered her bond determination on December 23, ICE appealed that determination, and then on January 26, 2026, the IJ entered in the docket—or file—of Petitioner's immigration proceedings a "Bond

1 Memorandum" finding that the IJ "lacks jurisdiction [] to conduct a bond redetermination
2 hearing in this matter" and denying Petitioner's "request for bond redetermination." (Doc.
3 14 at 2.) As a result, Petitioner argues he could be rearrested or re-detained at any time. Of
4 particular concern to Petitioner's counsel is the possibility that an ICE agent could interpret
5 the IJ's bond memorandum as, of its own force, empowering the agent to rearrest
6 Petitioner.

7 The Court concludes the following. First, Petitioner remains released on the bond
8 originally determined by the IJ on December 23. Although ICE appealed that bond
9 determination the same day, it has now moved to withdraw its appeal. Second, the
10 government represents through counsel that "an IJ cannot revoke bond via a bond
11 memorandum." (Tr. 02/23/26 at 46.) This representation is consistent with the Court's
12 independent conclusion that a bond memorandum is not an order revoking bond, or
13 otherwise. While the IJ's bond memorandum may have had an import to the immigration
14 proceedings themselves, the government was unsure of that purpose and the Court is firmly
15 convinced it did not serve to revoke the IJ's prior bond determination, especially where—
16 as here—the Court ordered that Petitioner be released under that prior bond determination.

17 Second, it is true that Petitioner could be rearrested and re-detained. But that is true
18 of any person released on immigration bond, if the releasee made some act or omission to
19 change their status, such as committing an offense, missing a check-in, or failing to comply
20 with ICE or IJ requirements. Rearrest also could occur if ICE obtained a final order of
21 removal against Petitioner without withholding due to CAT or other relevant provisions,
22 and removal was imminent. But again, the government represented at the hearing that "at
23 this stage [Petitioner] could only be re-detained or rearrested if there's some sort of
24 circumstance [like the ones listed above]." In other words, the government has complied
25 with the Court's order to release Petitioner on the original bond determination and it intends
26 to continue to comply with that Order. As long as that is the case there is nothing to enforce.
27 If Petitioner's fears were to come to fruition—that is, agents took some action not
28 consistent with the government's representation to the Court and the Court's Order

1  granting relief—he can return to the Court and re-raise the motion, although at this point
2  such course seems unlikely in his case, based on the comportment of Respondents and their
3  counsel.
4      **IT IS ORDERED** denying without prejudice Petitioner's Motion to Enforce
5  Judgment Granting Petition for Habeas Corpus on February 12 (Doc. 14).
6      Dated this 9th day of March, 2026.

                                          Honorable John J. Tuchi
                                          United States District Judge